Ford & Harrison LLP
David L. Cheng (SBN 240926)
dcheng@fordharrison.com
Jason Shon (SBN 306198)
jshon@fordharrison.com
350 South Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone: 213-237-2400
Facsimile: 213-237-2401

Attorneys for Defendant
LINCARE, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO GARATE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LINCARE, INC., a Delaware Corporation; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. **'24CV0768 CAB MSB** <br><br> **DECLARATION OF JASON SHON IN SUPPORT OF DEFENDANT LINCARE, INC.'S NOTICE OF REMOVAL** <br><br><br><br> Trial Date: None Set <br> Complaint Filed: March 27, 2024 <br> Removal Filed: April 29, 2024 |

I, Jason Shon, declare as follows:

1.      I am an attorney at Ford & Harrison LLP and am counsel of record for Defendant LINCARE, INC. in this case. I am providing this declaration in support of Defendant Lincare, Inc.'s Notice of Removal. I have personal knowledge of each of the matters set forth below and, if called as a witness could and would testify competently to each of them under oath.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

DECLARATION OF JASON SHON IN
SUPPORT OF DEFENDANT LINCARE,
INC.'S NOTICE OF REMOVAL

2.     Attached hereto as **Exhibit A** is a true and correct of Plaintiff Ignacio Garate's ("Plaintiff") Class Action Complaint ("Complaint") in this matter, filed in the Superior Court of California for the County of San Diego (the "State Court Action") on March 27, 2024.

3.     Attached hereto as **Exhibit B** are true and correct copies of other filings made in the State Court Action, including the Summons, Civil Case Cover Sheet, Proof of Service and Alternate Dispute Resolution Package ("ADR") that were served by Plaintiff.

4.     Based on my review of the online docket for the State Court Action, there have been no other filings and orders made in the State Court Action.

5.     Defendant Lincare, Inc. will promptly notify Plaintiff and the Clerk of the Superior Court of California, County of San Diego, that the case has been removed. Attached hereto as **Exhibit C** is a true and correct copy of Defendant's Notice to Adverse Party and State Court of Removal of Action.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 29th day of April 2024, in Los Angeles, California.


*/s/ Jason Shon*____
Jason Shon

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

DECLARATION OF JASON SHON IN
SUPPORT OF DEFENDANT LINCARE,
INC.'S NOTICE OF REMOVAL

# EXHIBIT A

1  **BOKHOUR LAW GROUP, P.C.**
2  Mehrdad Bokhour, Esq., CA Bar No. 285256
   *mehrdad@bokhourlaw.com*
3  1901 Avenue of the Stars, Suite 450
   Los Angeles, California 90067
4  Tel: (310) 975-1493; Fax: (310) 675-0861

5  **FALAKASSA LAW, P.C.**
6  Joshua S. Falakassa, CA Bar No. 295045
   *josh@falakassalaw.com*
7  1901 Avenue of the Stars, Suite 450
   Los Angeles, California 90067
8  Tel: (818) 456-6168; Fax: (888) 505-0868

9  Attorneys for Plaintiff and the Putative Classes

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**03/27/2024** at 11:01:12 AM

Clerk of the Superior Court
By Armando Villasenor, Deputy Clerk

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11             **FOR THE COUNTY OF SAN DIEGO**

12  IGNACIO GARATE, on behalf of himself and
13  all others similarly situated,

              Plaintiff,

14
15              v.

16  LINCARE, INC., a Delaware Corporation; and
    DOES 1-50, inclusive.
17
              Defendants.
18

CASE NO.: 37-2024-00014437-CU-OE-CTL

**CLASS ACTION COMPLAINT:**

(1)  FAILURE TO PAY ALL MINIMUM
     WAGES;

(2)  FAILURE TO PAY ALL OVERTIME
     WAGES;

(3)  MEAL PERIOD VIOLATIONS;

(4)  REST PERIOD VIOLATIONS;

(5)  FAILURE TO PAY ALL SICK TIME;

(6)  WAGE STATEMENT VIOLATIONS;

(7)  WAITING TIME PENALTIES; &

(8)  UNFAIR COMPETITION

          **DEMAND FOR JURY TRIAL**

19
20
21
22
23
24
25
26
27
28

                    **CLASS ACTION COMPLAINT**

Plaintiff Ignacio Garate ("Plaintiff"), on behalf of himself and all other similarly situated non-exempt employees, alleges and complains of Defendant Lincare, Inc. ("Defendant") and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

## INTRODUCTION

1.     Defendant offers respiratory care, infusion therapy, and medical equipment to patients throughout California and the United States.

2.     Plaintiff brings this class action lawsuit against Defendant for alleged violations of the California Labor Code and Business and Professions Code.

3.     As set forth below, Plaintiff alleges that Defendant failed to record and pay for all hours worked off-the-clock. Plaintiff further alleges that Defendant failed to pay all overtime compensation and sick pay wages at the proper legal rates by failing to calculate the "regular rate of pay" properly. Moreover, Plaintiff alleges that Defendant's meal and rest period policies and practices failed to allow and permit non-exempt employees to take all compliant and timely meal and rest periods or pay premium wages at the "regular rate of pay" in lieu thereof. Plaintiff further alleges that Defendant failed to provide non-exempt employees with accurate written itemized wage statements in violation of Labor Code § 226(a) and failed to timely pay all final wages upon separation of employment in violation of Labor Code §§ 201-203.

4.     Based on these alleged Labor Code violations, Plaintiff now brings this class action and representative action to recover unpaid wages, restitution, penalties, and other related relief for himself and all other similarly situated non-exempt employees.

## JURISDICTION AND VENUE

5.     Plaintiff, on behalf of himself and all other similarly situated employees hereby bring this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-204, 210, 226(a), 226(a)(6), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, and applicable Industrial Welfare Commission Wage Orders ("Wage Orders"), in addition to seeking declaratory relief and restitution pursuant to California Business and Professions Code § 17200, *et seq.*

6.     This class action is brought pursuant to California Code of Civil Procedure § 382.

**CLASS ACTION COMPLAINT**

7.     This Court has jurisdiction over Defendant's violations of the California Labor Code and applicable Wage Orders because the amount in controversy exceeds this Court's jurisdictional minimum.

8.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, Defendant operates in California within the County of San Diego, and Defendant is within the jurisdiction of this Court for purposes of service of process.

## PARTIES

9.     At all relevant times herein, Plaintiff, who is over 18, was and currently is a California resident residing in the State of California.

10.     Plaintiff is informed, believes, and alleges that Defendants are authorized to do business within the County of San Diego and is and/or was the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to her by California Labor Code §§ 201-203, 204, 210, 226, 226(a), 226(e), 226.3, 226.7, 227.3, 246, 510, 512, 516, 1194, 1197.1, 1199, and the California Business and Professions Code § 17200 *et seq.*, and applicable Wage Orders.

11.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of San Diego.

12.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices alleged herein.

13.     Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes. At all

3

**CLASS ACTION COMPLAINT**

1  times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter

2  alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them,

3  were the agents, servants, and employees of each and every one of the other Defendants, as well as

4  the agents of all Defendants, and at all times herein mentioned were acting within the course and

5  scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or

6  otherwise ratified each and every one of the acts or omissions complained of herein.

7        14. At all times mentioned herein, Defendants, and each of them, were members of and

8  engaged in a joint venture, partnership, and common enterprise and acting within the course and

9  scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff

10  alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the

11  Classes.

12                            **COMMON FACTUAL ALLEGATIONS**

13        15. Defendant offers respiratory care, infusion therapy, and medical equipment to patients

14  throughout California and the United States.

15        16. Plaintiff was employed by Defendant as a non-exempt employee with the title of

16  "Service Driver" out of its San Diego, California location, beginning on December 16, 2023, until

17  his separation from employment on March 1, 2024. Plaintiff and other non-exempt employees

18  (including, but not limited to, Customer Service Representative, Order Processor, Home Medical

19  Equipment Lead, Tractor Trailer Driver, CDL Delivery Driver, Service Driver, Shipping Clerk, and

20  all other non-exempt positions) were responsible for all aspects of Defendant's business in California.

21  However, in these roles, Plaintiff and non-exempt employees were often not afforded all protections

22  and rights conferred under the California Labor Code and applicable wage orders.

23        17. At all relevant times, Plaintiff and other non-exempt employees regularly worked

24  various shifts, many of which were more than 8.0 hours in a workday and 40.0 hours in a workweek.

25  Plaintiff alleges that other non-exempt employees were also subjected to the same policies,

26  procedures, practices, working conditions, and corresponding wage and hour violations to which he

27  was subjected during his employment.

28  / / /

18.     First, at all relevant times, Defendant has consistently failed to accurately record all time worked, including the time non-exempt employees were under the employer's control. This included a policy and practice of time editing and failing to accurately record and capture non-exempt employees' time correctly, including all time spent working off-the-clock, pre-shift and post-shift and often during meal periods. As a result of these company-wide policies/practices, Plaintiff and other non-exempt employees are not compensated for all the hours that they actually work and all of the overtime hours they actually work, in violation of Labor Code §§ 204, 210, 510, 1194, 1197.1, 1199, and applicable Wage Orders.

19.     As a result, over a period of time, Plaintiff and other non-exempt employees needed to be properly paid for all hours worked in violation of Cal. Labor Code §§ 204, 210, 1194, 1197.1, 1199, and applicable Wage Orders. Additionally, due to Defendant's unlawful timekeeping policies/practices, Plaintiff and other non-exempt employees were not properly paid at the correct overtime rate for hours worked in excess of eight hours per shift in violation of Labor Code § 510.

20.     Labor Code § 1197.1 authorizes employees who are paid less than the minimum fixed by an applicable state or local law or by an order of the commission a civil penalty, restitution of wages, and liquidated damages as follows: (1) for any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid....[and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

21.     Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day, no less than one and one-half times (11/2) the regular rate of pay. In addition, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a workday or more than eight (8) hours on the seventh consecutive day of work. Pursuant to Section 3 of the applicable Wage Orders, non-exempt employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half

1  (11/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

2      22.    Furthermore, at all relevant times, Plaintiff and other non-exempt employees worked

3  regular shifts that lasted longer than 8.0 hours in a workday and resulted in non-exempt employees

4  regularly working more than 40 hours in a workweek. However, Defendant failed to properly

5  calculate and pay overtime wages at the proper legal rate due to Defendant's uniform failure to

6  include all forms of compensation/remuneration, including, but not limited to, commissions,

7  incentives, non-discretionary bonuses, shift pay, and all other forms of remuneration in calculating

8  the "regular rate of pay" for purposes of overtime compensation.

9      23.    Under the California Labor Code (as well as the FLSA), courts have consistently held

10  that regularly paid non-discretionary bonuses (and other forms of pay) must be included in

11  determining an employee's "regular rate of pay" for purposes of calculating overtime. (See *Haber v.*

12  *The Americana Corp.* 378 F. 2d 854, 855-856 (9th Cir. 1967) [holding that regularly paid efficiency

13  bonuses must be included in calculating the "regular rate"]; *Wang v. Chinese Daily News*, Inc. 435 F.

14  Supp. 2d 1042, 1055-1057 (C.D. Cal. 2006) [granting summary judgment to Plaintiff under California

15  and federal law on the grounds, that Defendant improperly calculated overtime by excluding annual

16  bonuses paid to employees from the "regular rate of compensation"]; see *Walling v. Youngerman-*

17  *Reynolds Hardwood Co.* (1945) 65 S.Ct. 1242, 1245. ("The regular rate by its very nature must reflect

18  all payments which the parties have agreed shall be received regularly during the workweek,

19  exclusive of overtime payments. It is not an arbitrary label chosen by the parties but an actual fact.

20  Once the parties have decided upon the amount of wages and the mode of payment, the determination

21  of the regular rate becomes a matter of mathematical computation, the result of which is unaffected

22  by any designation of a contrary 'regular rate' in the contracts."); see also 29 CFR §§ 778.110

23  ("production bonus") and 778.111 ("piece-rate").

24      24.    By their policy of requiring Plaintiff and the other non-exempt employees to work in

25  excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating

26  them at the lawful rate of one-half (1 1/2) their "regular rate of pay," Defendant willfully violated the

27  provisions of Labor Code § 510 and the applicable Wage Orders.

28      25.    Similarly, at all relevant times, Defendant also failed in its obligation to provide

**CLASS ACTION COMPLAINT**

1    Plaintiff and other non-exempt employees the legally required paid sick days at the legal rate pursuant

2    to Labor Code §§ 246(a),(b), which requires that "[a]n employee who, on or after July 1, 2015, works

3    in California for the same employer for 30 or more days within a year from the commencement of

4    employment is entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours

5    worked, beginning at the commencement of employment." Labor Code § 246(l)(1) provides that paid

6    sick time for non-exempt employees must be "calculated in the same manner as the regular rate of

7    pay for the workweek in which the employee uses paid sick time, whether or not the employee

8    actually works overtime in that workweek."

9         26.    Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated

10   by dividing the employee's total wages, not including overtime premium pay, by the employee's total

11   hours worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i)

12   requires employers to "provide an employee with written notice that sets forth the amount of paid

13   sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either

14   the employee's itemized wage statement described in Section 226 or in a separate writing provided

15   on the designated pay date with the employee's payment of wages."

16        27.    Here, at all relevant times, Defendant failed in its obligation to provide Plaintiff and

17   other non-exempt employees the legally required paid sick days at the legal rate, including all forms

18   of compensation, pursuant to Labor Code §§ 246(a), (b). As such, Defendant paid sick time below

19   the "regular rate of pay" as required by Labor Code §§ 246(l) (1-2).

20        28.    Moreover, at all relevant times, Plaintiff and other non-exempt employees were denied

21   compliant and timely 30-minute off-duty meal periods as mandated by California law. Due to

22   Defendant's uniform meal period policies/practices, operational requirements, and work demands,

23   Plaintiff and other non-exempt employees often could not take timely and uninterrupted net 30-

24   minute first meal periods before the end of the fifth hour of work. Further, when Plaintiff and other

25   non-exempt employees worked more than 10.0 hours in a shift, they were not allowed and permitted

26   to take a mandated second meal period before the end of the tenth hour of work in violation of the

27   Labor Code and applicable Wage Orders. Indeed, Plaintiff's and other non-exempt employees' meal

28   periods were often interrupted and/or lasted fewer than 30 minutes due to Defendant's meal period

1  policies/procedures, operational requirements, and work demands.

2    29.    In addition, for each missed or non-compliant meal period, Defendant failed and

3  continues to fail to maintain a mechanism by which non-exempt employees were paid meal period

4  premiums at the "regular rate of pay" pursuant to *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11

5  5th 858 and Labor Code § 226.7.

6    30.    Accordingly, due to Defendant's uniform meal period practices, non-exempt

7  employees were also regularly denied legally compliant meal periods in violation of Labor Code §§

8  226.7, 510, 516, and applicable Wage Orders.

9    31.    Next, at all relevant times, Plaintiff and other non-exempt employees were not

10 provided with all 10-minute rest periods for every four hours worked, or a major fraction thereof, due

11 to Defendant's uniform rest period policies/practices, operational requirements, and work demands.

12 As a result, Plaintiff and other non-exempt employees were and are often unable to take a net 10-

13 minute duty-free rest period for every major fraction of four hours worked. This includes a second

14 rest period for shifts in excess of six hours and a third rest period for shifts in excess of 10.0 hours in

15 a workday.

16   32.    By not relieving all non-exempt employees of all duties during rest periods, Defendant

17 failed to provide legally compliant rest periods. See *Augustus v. ABM Security Services, Inc.* (2016)

18 2 Cal. 5th 257, 269 [concluding that "during rest periods employers must relieve employees of all

19 duties and relinquish control over how employees spend their time."] (Emphasis added). In *Augustus*,

20 the California Supreme Court expressly rejected the employer's assertion that it could provide an on-

21 duty rest period to employees who worked as security guards and further explained: "that employers

22 [must] relinquish any control over how employees spend their break time and relieve their employees

23 of all duties." *Id.* at 273. Each time non-exempt employees were unable to take a compliant rest

24 period, Defendant failed and continues to fail to adequately pay rest period premium payments at the

25 "regular rate of pay" as required by Labor Code § 226.7.

26   33.    Accordingly, due to Defendant's uniform rest period policies/practices, non-exempt

27 employees were regularly denied legally compliant rest breaks in violation of Labor Code §§ 226.7,

28 512, and applicable Wage Orders.

8

34.     As a result of Defendant's failure to pay Plaintiff and other non-exempt employees for all hours they were subject to the control of Defendant, including all minimum and overtime wages, sick pay wages, Defendant's failure to adequately pay for all overtime/sick pay wages at the appropriate legal rate, and Defendant's failure to pay all meal and rest period premiums at the "regular rate of pay," Defendant issued wage statements which failed to identify the gross wages earned accurately, the total hours worked, the net wages earned, and the correct corresponding number of hours worked at each hourly rate, in violation of Labor Code § 226(a)(1, 2, 5, and 9).

35.     Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226."

36.     Thus, for the violations of Labor Code section 226 described above, Plaintiff and other non-exempt employees may also recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). Consequently, because Defendant failed to comply with Labor Code § 226(a), Plaintiff and other non-exempt employees would be entitled to recover penalties under Labor Code § 226(e).

37.     Finally, because Defendant's failure to pay all minimum, overtime, sick pay wages, and meal and rest period premiums at the "regular rate of pay," Defendant also failed and continues to fail to pay Plaintiff and other non-exempt employees all wages owed at their time of separation from employment in violation of Labor Code §§ 201-203. Thus, non-exempt employees would be entitled to recover waiting time penalties under Labor Code §§ 201-203.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action on behalf of himself and the following Classes pursuant to § 382 of the Code of Civil Procedure:

> All current or former non-exempt hourly employees who work or worked for Defendant in California during the four years immediately preceding the filing of the Complaint through the date of trial. (the "Class");

All current or former non-exempt employees who worked for Defendant in California and worked overtime hours during at least one shift during the four years immediately preceding the filing of the Complaint through the date of trial. ("the Overtime Subclass");

All current or former employees who work or worked for Defendant in California during the one year immediately preceding the filing of the Complaint through the date of trial. ("the Wage Statement Subclass")

All employees who work or worked for Defendant in California and who left their employment during the three years immediately preceding the filing of the Complaint through the date of trial. ("Waiting Time Penalty Subclass")

(collectively "the Classes")

39.     **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendant's employment and payroll records.

40.     **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

1.      Whether Defendant failed to record and pay for all hours worked by Class Members;

2.      Whether Defendant failed to properly calculate the "regular rate of pay" for purposes of paying overtime and sick pay wages to the members of the Class;

3.      Whether Defendant provided legally compliant meal and rest periods or proper compensation at the "regular rate of pay" in lieu thereof to members of the Class;

4.      Whether Defendant furnished legally compliant wage statements to members of the Wage Statement Subclass pursuant to Labor Code § 226(a); and

5.      Whether the timing and amount of payment of final wages to members of the Waiting Time Penalty Subclass at the time of separation from employment were unlawful.

/ / /

41.   **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendant's policies and/or practices applicable to each individual class member, such as without limitation, Defendant's failure to pay for all hours worked, Defendant's failure to properly pay overtime and sick pay wages, Defendant's failure to provide all compliant meal and rest periods or premiums at the "regular rate of pay" in lieu thereof, Defendant's failure to provide accurate itemized wage statements, Defendant's failure to pay wages timely, and Defendant's failure to pay for all wages due upon separation of employment. As such, the common questions predominate over individual questions concerning each class member's showing as to his or her eligibility for recovery or the amount of his or her damages.

42.   **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendant as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of minimum, overtime, and sick pay wages, was deprived of meal and rest period premium wages, was subject to Defendant's uniform meal and rest period policies/practices, was not provided accurate itemized wage statements, and was not timely paid all wages owed upon separation of employment.

43.   **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

44.   **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The

**CLASS ACTION COMPLAINT**

nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since they could exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.

45.     Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendant herein and which would establish potentially incompatible standards of conduct for Defendant; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class need to be sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attending thereto. As such, the Classes identified in Paragraph 38 are maintainable as Classes under § 382 of the Code of Civil Procedure.

**FIRST CAUSE OF ACTION**

**MINIMUM WAGE VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

46.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

47.     Section 4 of the applicable Wage Order(s) and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid

12

**CLASS ACTION COMPLAINT**

1    wages and interest accrued thereon.

2        48.    At all relevant times herein, Defendant failed to record all time accurately worked.

3    This includes but is not limited to the Defendant's failure to properly record non-exempt employees'

4    time worked, including all time spent working off-the-clock due to time editing, which resulted in

5    these individuals not being paid for all hours they actually suffered or permitted to work. Accordingly,

6    Plaintiff and members of the Classes were not compensated for all hours worked, including all hours

7    they were subject to the control of Defendant and/or suffered or permitted to work under the Labor

8    Code and applicable Wage Orders.

9        49.    Labor Code § 1198 makes an employee's employment unlawful under conditions that

10   the Industrial Welfare Commission prohibits. Labor Code §§ 1194(a) and 1194.2(a) provide that an

11   employer who has failed to pay its employees the legal minimum wage is liable to pay those

12   employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal

13   to the wages due and interest thereon.

14       50.    As a direct and proximate result of Defendant's unlawful conduct as alleged herein,

15   Plaintiff and the Classes have sustained economic damages, including but not limited to unpaid wages

16   and lost interest, in an amount to be established at trial, and they are entitled to recover economic and

17   statutory damages and penalties and other appropriate relief as a result of Defendant's violations of

18   the Labor Code and applicable Wage Orders.

19       51.    Defendant's practice and uniform administration of corporate policy regarding illegal

20   employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members

21   of the Classes in a civil action for the unpaid amount of minimum wages, liquidated damages,

22   including interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor

23   Code §§ 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

24                          **SECOND CAUSE OF ACTION**

25                      **FAILURE TO PAY ALL OVERTIME WAGES**

26                          **(AGAINST ALL DEFENDANTS)**

27       52.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

28       53.    This cause of action is brought pursuant to Labor Code §§ 204, 210, 510, 558, 1194,

                                    13
                          **CLASS ACTION COMPLAINT**

1   and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime

2   hours worked and provide a private right of action for the failure to pay all overtime compensation

3   for overtime work performed.

4          54.    At all times relevant herein, Defendant was required to properly pay Plaintiff and

5   members of the Overtime Subclass for all overtime hours worked pursuant to California Labor Code

6   § 1194 and the applicable Wage Orders.

7          55.    Section 3 of the applicable Wage Order requires an employer to pay an employee "one

8   and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per

9   workday and/or in excess of 40 hours of work in the workweek. The same section also requires an

10  employer to pay an employee double the employee's regular rate of pay for work in excess of twelve

11  hours each workday and/or for work in excess of 8 hours on the seventh consecutive day of work in

12  the workweek. Defendant caused Plaintiff to work overtime and hours but did not compensate

13  Plaintiff or members of the Overtime Subclass at one and one-half times their "regular rate of pay"

14  for such hours.

15         56.    Defendant failed to conform their pay practices to the requirements of the law. At all

16  relevant times herein, Defendant failed to conform their pay practices to the requirements of the law.

17  This unlawful conduct includes but is not limited to Defendant's failure to pay for all hours properly

18  worked off-the-clock due to time editing , amongst other things, as alleged herein above, and

19  Defendant's failure to include all forms of compensation, including, but not limited to, non-

20  discretionary bonuses, shift pay, and other incentive pay in calculating the "regular rate of pay,"

21  which resulted in these individuals not being paid for all overtime hours worked.

22         57.    The foregoing policies and practices are unlawful and create an entitlement to recovery

23  by Plaintiff and the members of the Overtime Subclass in a civil action for the unpaid amount of

24  overtime wages, including interest thereon, statutory penalties, attorney's fees, and costs of suit

25  according to Labor Code §§ 204, 210, 510, 1194, and 1198, the applicable Wage Orders, and Code

26  of Civil Procedure § 1021.5.

27                            **THIRD CAUSE OF ACTION**

28                            **MEAL PERIOD VIOLATIONS**

14

CLASS ACTION COMPLAINT

**(AGAINST ALL DEFENDANTS)**

58.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

59.     Plaintiff is informed and believes, and based thereon alleges, that Defendant failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Class, with all required meal periods in accordance with the mandates of the California Labor Code and applicable Wage Orders, for the reasons set forth in the Common Allegations section of this Complaint.

60.     Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

61.     As a result, Defendant is responsible for paying premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§ 226.7, 512, and Civil Code §§ 3287(b) and 3289.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

62.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

63.     Section 12 of the applicable Wage Orders and Labor Code §§ 226.7 and 516 establish the right of non-exempt employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

64.     Due to their unlawful rest period policy/practices and operational requirements/work demands, Defendant did not authorize and permit Plaintiff and Class members to take all rest periods to which they were legally entitled.

65.     Despite Defendant's violations, Defendant has not paid an additional hour of pay at the "regular rate of pay" to Plaintiff and Class members at their respective regular rates of pay for each violation, per California Labor Code § 226.7.

66.     The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest

15

**CLASS ACTION COMPLAINT**

1  thereon, statutory penalties, and costs of suit pursuant to the applicable Wage Orders, Labor Code §§
2  226.7 and 516, and Civil Code §§ 3287(b) and 3289.

3                                 **FIFTH CAUSE OF ACTION**

4                              **FAILURE TO PAY ALL SICK TIME**

5                                  **(AGAINST ALL DEFENDANTS)**

6        67.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

7        68.    This cause of action is brought pursuant to Labor Code §§ 246, 558, 1194.2, 1197.1,
8  1198, and 1199 which provide that "[a]n employee who, on or after July 1, 2015, works in California
9  for the same employer for 30 or more days within a year from the commencement of employment is
10 entitled to paid sick days. . . at the rate of not less than one hour per every 30 hours worked, beginning
11 at the commencement of employment."

12       69.    At all times relevant herein, Defendant was required to properly pay Plaintiff and Class
13 members for all sick time pursuant to California Labor Code § 246 and the applicable Wage Orders.

14       70.    Labor Code § 246(l)(1) provides that paid sick time for non-exempt employees must
15 be "calculated in the same manner as the regular rate of pay for the workweek in which the employee
16 uses paid sick time, whether or not the employee actually works overtime in that workweek."
17 Additionally, Labor Code § 246(l)(2) states that the paid sick time must be "calculated by dividing
18 the employee's total wages, not including overtime premium pay, by the employee's total hours
19 worked in the full pay periods of the prior 90 days of employment." Finally, Labor Code §246(i)
20 requires employers to "provide an employee with written notice that sets forth the amount of paid
21 sick leave available, or paid time off leave an employer provides in lieu of sick leave, for use on either
22 the employee's itemized wage statement described in Section 226 or in a separate writing provided
23 on the designated pay date with the employee's payment of wages."

24       71.    Defendant failed in their obligation to provide Plaintiff and the Class the legally
25 required paid sick days at the legal rate pursuant to Labor Code §§ 246(a),(b). Plaintiff and the Class
26 members were not paid at the correct "regular rate of pay."

27       72.    The foregoing policies and practices are unlawful and create an entitlement to recovery
28 by Plaintiff and the members of the Class in a civil action for the unpaid amount of wages, including

                                          16

1    interest thereon, statutory penalties, attorney's fees, and costs of suit according to Labor Code §§ 246

2    1192, 1194 *et seq.*, 1197, 1198, the applicable Wage Orders, and Code of Civil Procedure § 1021.5.

3                                    **SIXTH CAUSE OF ACTION**

4              **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

5                                    **(AGAINST ALL DEFENDANTS)**

6    73.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

7    74.    Labor Code 226(a) states in pertinent part the following:

8         "(a) An employer, semimonthly or at the time of each payment of wages,
9         shall furnish to his or her employee, either as a detachable part of the check,
          draft, or voucher paying the employee's wages, or separately if wages are
10        paid by personal check or cash, an accurate itemized statement in writing
          showing (1) gross wages earned, (2) total hours worked by the employee,
11        (3) the number of piece-rate units earned and any applicable piece rate if the
12        employee is paid on a piece-rate basis, (4) all deductions, provided that all
          deductions made on written orders of the employee may be aggregated and
13        shown as one item, (5) net wages earned, (6) the inclusive dates of the
14        period for which the employee is paid, (7) the name of the employee and
          only the last four digits of his or her social security number or an employee
15        identification number other than a social security number, (8) the name and
16        address of the legal entity that is the employer, and (9) all applicable hourly
          rates in effect during the pay period and the corresponding number of hours
17        worked at each hourly rate by the employee."

18   75.    As set forth above, during the Class Period, Defendant issued and continues to issue

19   wage statements to its employees, including Plaintiff and members of the Wage Statement Subclass,

20   which are inadequate under Labor Code Section § 226(a).

21   76.    As a result of Defendant's failure to pay Plaintiff and the Wage Statement Subclass

22   for all minimum, overtime, sick pay wages and missed meal and rest period premiums at the

23   appropriate legal rate, Defendant failed to include required information on Plaintiff's and the Wage

24   Statement Subclass' wage statements, including, but not limited to, the gross wages earned, the net

25   wages earned in violation of Labor Code section 226(a).

26   77.    Defendant' failure to comply with section 226(a) of the Labor Code was knowing

27   and intentional.

28   ///

                                              17
                                  **CLASS ACTION COMPLAINT**

78.   As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Wage Statement Subclass in violation of section 226(a) of the California Labor Code, Plaintiff and members of the Wage Statement Subclass are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Wage Statement Subclass from Defendant's pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

### SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

79.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

80.   The actionable period for this cause of action is three years before the filing of this Complaint through the present and ongoing until the violation is corrected or the class is certified.

81.   Labor Code §§ 201 and 202 require Defendant to pay all compensation due and owing to Plaintiff and the Waiting Time Subclass during the actionable period for this cause of action at or around the time their employment is or was terminated or ended.

82.   Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Labor Code sections 201 and 202, the employer is liable for penalties for continued compensation up to thirty (30) workdays.

83.   Defendant willfully failed to pay the Waiting Time Subclass for all hours worked, including all minimum and overtime, sick pay wages, and their meal and rest period premiums at the "regular rate of pay," before or upon termination or separation from employment with Defendant as required by Labor Code §§ 201 and 202.

84.   As a result, Defendant is liable to the Waiting Time Subclass for waiting time penalties amounting to thirty (30) days wages for Plaintiff and the Waiting Time Subclass pursuant to Labor Code § 203. *See,* e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

### EIGHT CAUSE OF ACTION

### UNFAIR COMPETITION

18

**CLASS ACTION COMPLAINT**

**(AGAINST ALL DEFENDANTS)**

85.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

86.     Defendant has engaged and continues to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by failing to pay for all hours worked, by failing to pay all overtime and sick pay wages at the proper legal rate, by failing to provide all legally required meal and rest periods or pay premium payments at the "regular rate of pay" in lieu thereof, by failing to provide accurate wage statements, and by failing to pay all earned wages at the time of separation from employment.

87.     Defendant's utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendant's competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

88.     Because Plaintiff is a victim of Defendant's unfair and/or unlawful conduct alleged herein, Plaintiff, for himself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendant's pursuant to Business and Professions Code §§ 17203 and 17208.

89.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint.

90.     Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendant's current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendant, as follows:

1.     For an order certifying the proposed Classes;

**CLASS ACTION COMPLAINT**

2.      For an order appointing Plaintiff as representative of the Classes;

3.      For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.      Upon the First and Second Cause of Action for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, 1197.1, and 1198 and reasonable attorneys' fees and costs;

5.      Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 204, 210, 510, 1194, 1197, and 1198 and reasonable attorneys' fees and costs;

6.      Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 512;

7.      Upon the Fourth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7 and 516;

8.      Upon the Fifth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 246, 558, 1194.2, 1198, and 1199;

9.      Upon the Sixth Cause of Action, penalties pursuant to Labor Code § 226(a), and reasonable costs and attorney's fees;

10.     Upon the Seventh Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

11.     Upon the Eighth Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

12.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13.     On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 218.5, 226, 1194, Code of Civil Procedure § 1021.5; and

14.     For such other relief that the Court may deem just and proper.

**CLASS ACTION COMPLAINT**

1    Dated:   March 27, 2024                     **FALAKSSA LAW, P.C.**
                                                 **BOKHOUR LAW GROUP, P.C.**
2

3

4                                        By: _____
                                             Joshua Falakassa, Esq.
5                                            Mehrdad Bokhour, Esq.
                                             Attorneys for Plaintiff and the Putative Classes
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LINCARE, INC., a Delaware Corporation; and DOES 1-50, inclusive.


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
IGNACIO GARATE, on behalf of himself and all others similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**03/27/2024** at 11:01:12 AM
Clerk of the Superior Court
By Armando Villasenor,Deputy Clerk

</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice

330 West Broadway, San Diego, California 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*
37-2024-00014437-CU-OE-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN: 285256) 1901 Avenue of the Stars Suite 450, Los Angeles, CA 90067; (310) 975-1493

<table>
<tr><td>

DATE:
*(Fecha)* 03/28/2024

</td><td>Clerk, by
*(Secretario)* *a. Villasenor*
A. Villasenor</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>[SEAL]</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Lincare Inc
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

</td></tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mehrdad Bokhour, Esq. (SBN: 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 975-1493    FAX NO.: (310) 675-0861<br>EMAIL ADDRESS: mehrdad@bokhourlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Ignacio Garate | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**03/27/2024** at 11:01:12 AM<br>Clerk of the Superior Court<br>By Armando Villasenor,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Ignacio Garate v. Lincare, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2024-00014437-CU-OE-CTL |
| | | | JUDGE:    Judge Kenneth J Medel<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)
   **Employment**
   [ ] Wrongful termination (36)
   [x] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)
   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)
   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)
   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 27, 2024
Mehrdad Bokhour, Esq.
_____          ►
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition



**CT Corporation**
**Service of Process Notification**
03/28/2024
CT Log Number 546085811

## Service of Process Transmittal Summary

**TO:**    Sheila Kalteux, Attorney
Lincare Inc.
19387 US Highway 19 N
Clearwater, FL 33764-3102

**RE:**    **Process Served in California**

**FOR:**   Lincare Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: IGNACIO GARATE, on behalf of himself and all others similarly situated // To: Lincare Inc. |
| **CASE #:** | 37202400014437CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/28/2024 at 12:58 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sheila Kalteux  skalteux@lincare.com |
| | Email Notification,  Paul Tripp  paul.tripp@lincare.com |
| | Email Notification,  John Robertson  JRober33@lincare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                      Thu, Mar 28, 2024
**Server Name:**                               DROP SERVICE

| Entity Served | LINCARE INC |
|---|---|
| Case Number | 37202400014437CUOECTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
|  |  |  |





# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2024-00014437-CU-OE-CTL      CASE TITLE: Garate vs Lincare Inc [E-FILE]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _**and**_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS:      330 W Broadway | |
| MAILING ADDRESS:    330 W Broadway | |
| CITY AND ZIP CODE:   San Diego, CA 92101-3827 | |
| DIVISION:                   Central | |
| TELEPHONE NUMBER: (619) 450-7066 | |

| PLAINTIFF(S) / PETITIONER(S):      Ignacio Garate |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Lincare Inc |
| GARATE VS LINCARE INC [E-FILE] |

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2024-00014437-CU-OE-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:   Kenneth J Medel                                             Department: C-66

## COMPLAINT/PETITION FILED: 03/27/2024

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/25/2024 | 08:30 am | C-66 | Kenneth J Medel |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

---

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway<br>MAILING ADDRESS:   330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:      Central | |

| PLAINTIFF(S):   Ignacio Garate |
|---|
| DEFENDANT(S): Lincare Inc |
| SHORT TITLE:     GARATE VS LINCARE INC [E-FILE] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2024-00014437-CU-OE-CTL |
|---|---|

Judge: Kenneth J Medel                                           Department: C-66

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)                    ☐   Non-binding private arbitration

☐   Mediation (private)                                 ☐   Binding private arbitration

☐   Voluntary settlement conference (private)    ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)                      ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                        Name of Defendant

_____          _____
Signature                                                Signature

_____          _____
Name of Plaintiff's Attorney                             Name of Defendant's Attorney

_____          _____
Signature                                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  03/28/2024                                    _____
                                                       JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)              **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**              Page: 1

# EXHIBIT C

1  Ford & Harrison LLP
   David L. Cheng (SBN 240926)
2  dcheng@fordharrison.com
   Jason Shon (SBN 306198)
3  jshon@fordharrison.com
   350 South Grand Avenue, Suite 2300
4  Los Angeles, California  90071
   Telephone:     213-237-2400
5  Facsimile:     213-237-2401

6  Attorneys for Defendant Lincare, Inc.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN DIEGO

10

11 IGNACIO GARATE, on behalf of himself and        Case No. 37-2024-00014437-CU-DE-CTL
   all others similarly situated,,
12                                                   UNLIMITED JURISDICTION
                 Plaintiff,
13                                                  **DEFENDANT LINCARE, INC.'S
        v.                                          NOTICE TO ADVERSE PARTY AND
14                                                  STATE COURT OF REMOVAL OF
   LINCARE, INC., a Delaware Corporation; and       CIVIL ACTION**
15 DOES 1-50, inclusive,

16               Defendant.

17

18                                                  Trial Date: None Set
                                                    Date Action Filed: Marcy 27-2024
19

20      **TO THE CLERK OF THIS COURT, PLAINTIFF, AND PLAINTIFF'S COUNSEL**

21 **OF RECORD:**

22      **PLEASE TAKE NOTICE** that, on April 29, 2024, Defendant Lincare, Inc., without

23 waiving any of its rights, removed the above-captioned case from this Court by filing a Notice of

24 Removal with the Clerk of the United States District Court for the Southern District of California.

25 Pursuant to 28 U.S.C. § 1446(d), "the State Court shall proceed no further unless the case is

26 remanded."  A copy of the Notice of Removal is attached hereto as **Exhibit A**.

27 ///

28

Ford & Harrison LLP
Attorneys at Law
Los Angeles
        DEFENDANT LINCARE, INC.'S NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF
                                      CIVIL ACTION

Dated:  April 29, 2024

Respectfully submitted,

FORD & HARRISON LLP

By: _____
David L. Cheng
Jason Shon

Attorneys for Defendant
LINCARE, INC.

DEFENDANT LINCARE, INC.'S NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF
CIVIL ACTION

## PROOF OF SERVICE

I, Donna Sanchez, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **April 29, 2024**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT LINCARE, INC.'S NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF CIVIL ACTION**

| | |
|---|---|
| Mehrdad Bokhour, Esq.<br>BOKHOUR LAW GROUP, PC<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Tel.:  (310) 975-1493<br>Fax:  (310) 675-0861<br>Email: mehrdad@bokhourlaw.com | Attorneys for Plaintiff,<br>IGNACIO GARATE and the<br>Putative Classes |
| Joshua S. Falakassa, Esq.<br>FALAKASSA LAW, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Tel.:  (818) 456-6168<br>Fax:  (888) 505-0868<br>Email: josh@falakassalaw.com | |

☒ **BY U.S. MAIL:**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I electronically served the documents on the date shown below to the e-mail addresses of the person listed above. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 29, 2024**, at Los Angeles, California.

_____
Donna Sanchez

WSACTIVELLP:113235627.1

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

## **PROOF OF SERVICE**

I, Donna Sanchez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **April 29, 2024**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DECLARATION OF JASON SHON IN SUPPORT OF DEFENDANT LINCARE, INC.'S NOTICE OF REMOVAL**

| | |
|---|---|
| Mehrdad Bokhour, Esq.<br>BOKHOUR LAW GROUP, PC<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Tel.: (310) 975-1493<br>Fax: (310) 675-0861<br>Email: mehrdad@bokhourlaw.com | Attorneys for Plaintiff,<br>IGNACIO GARATE and<br>the Putative Classes |
| Joshua S. Falakassa, Esq.<br>FALAKASSA LAW, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Tel.: (818) 456-6168<br>Fax: (888) 505-0868<br>Email: josh@falakassalaw.com | |

☒ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **April 29, 2024**, at Los Angeles, California.

_Donna Sanchez_
_____
Donna Sanchez

WSACTIVELLP:113235477.1