1  Ford & Harrison LLP
   David L. Cheng (SBN 240926)
2  dcheng@fordharrison.com
   Jason Shon (SBN 306198)
3  jshon@fordharrison.com
   350 South Grand Avenue, Suite 2300
4  Los Angeles, California  90071
   Telephone:  213-237-2400
5  Facsimile:   213-237-2401

6  Attorneys for Defendant
   LINCARE, INC.

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12 | IGNACIO GARATE, on behalf of | Case No. 3:24-cv-00768-CAB-MSB
   | himself and all others similarly situated, |
13 | | [Assigned to Hon. Cathy Ann
   |                 Plaintiff, | Bencivengo and Magistrate Hon.
14 | | Michael S. Berg]
   |       v. |
15 | | **DEFENDANT'S NOTICE OF**
   | LINCARE, INC., a Delaware | **MOTION AND MOTION TO**
16 | Corporation; and DOES 1-50, inclusive, | **COMPEL ARBITRATION,**
   | | **DISMISS CLASS CLAIMS, AND**
17 |                 Defendants. | **STAY PROCEEDINGS**
18 | | Date:  June 28, 2024
   | | Time: PER CHAMBER RULES, NO
19 | | ORAL ARGUMENT UNLESS
   | | SEPARATELY ORDERED BY
20 | | THE COURT
   | | Courtroom: 15A
21 |
22 | | Trial Date:      None Set
   | | Complaint Filed: March 27, 2024
23 | | Removal Filed: April 29, 2024
24
25
26
27
28

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO PLAINTIFF IGNACIO GARATE AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. sections 3 and 4, Defendant Lincare, Inc. ("Defendant" or "Lincare") will and hereby does move the Court for an order (1) compelling individual arbitration of Plaintiff Ignacio Garate's ("Plaintiff") claims; (2) dismissal of class claims; and (3) stay in proceedings pending arbitration. Pursuant to the Court's rules, the Motion is noticed for thirty five (35) days from the date of filing, or **June 28, 2024**, for purposes of setting the briefing schedule. Oral hearing will only be set by separate order should the Court deem it necessary.

This Motion seeks relief on the grounds that Plaintiff entered into a valid and enforceable arbitration agreement ("Arbitration Agreement") requiring arbitration of his individual claims and a waiver of his right to initiate or participate in class-wide claims. The FAA governs the Arbitration Agreement based on the terms of the Arbitration Agreement.  Pursuant to section 4 of the FAA, Plaintiff should be ordered to arbitrate his individual claims in accordance with the terms of his agreement. Since Plaintiff has expressly and knowingly waived his right to initiate or participate in any class action, Plaintiff's class claims should be dismissed. *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

This Motion is based upon this Notice; the Memorandum of Points and Authorities in support thereof; the declarations of Paula K. Adams and Jason Shon; the documents and records in the Court's file; any oral argument that may be presented at the hearing; and any other matter the Court deems appropriate.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

Dated:   May 24, 2024

Respectfully submitted,

FORD & HARRISON LLP

By: */s/ Jason Shon*
David L. Cheng
Jason Shon

Attorneys for Defendant
LINCARE, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

# **TABLE OF CONTENTS**

**Page (s)**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION ........................................................................................... 1

II.     RELEVANT FACTUAL BACKGROUND AND
        PROCEDURAL HISTORY ............................................................................ 1

        A.      Plaintiff's Employment with Defendant and His Arbitration
                Agreement ........................................................................................... 1

        B.      Despite Agreeing to Arbitrate Claims Arising From His
                Employment, Plaintiff Has Brought This Action Instead Of
                Arbitration .......................................................................................... 3

III.    THE FEDERAL ARBITRATION ACT ("FAA") REQUIRES
        ENFORCEMENT OF THE INSTANT ARBITRATION
        AGREEMENT ............................................................................................... 4

        A.      The FAA Governs the Arbitration Agreement .................................... 4

        B.      The FAA Favors Arbitration .............................................................. 4

        C.      The FAA Preempts Any Contrary State Law ..................................... 6

IV.     THIS COURT SHOULD COMPEL PLAINTIFF'S
        INDIVIDUAL WAGE AND HOUR CLAIMS TO
        ARBITRATION ............................................................................................. 6

        A.      Plaintiff is Bound by the Arbitration Agreement .............................. 6

        B.      The Arbitration Agreement Should Be Enforced Because it
                is An Agreement to Arbitrate That Covers All of Plaintiff's
                Wage and Hour Claims ...................................................................... 7

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

C.   The Arbitration Agreement is Not Unconscionable ................................ 9

   1.   The Arbitration Agreement Is Procedurally
      Conscionable. ............................................................. 10

   2.   The Arbitration Agreement Is Substantively
      Conscionable. ............................................................. 11

V.   PLAINTIFF'S CLASS ACTION CLAIMS MUST BE
   DISMISSED ................................................................................ 12

VI.   CONCLUSION ............................................................................. 13

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Allied-Bruce Terminix Cos. v. Dobson*,
  513 U.S. 265 (1995)...............................................................................................5

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011).........................................................................................5, 7

*Buckeye Check Cashing, v. Cardegna*,
  546 U.S. 440 (2006)...............................................................................................4

*Capriole v. Uber Techs., Inc.*,
  7 F.4th 854 (9th Cir. 2021).....................................................................................5

*Circuit City Stores, Inc. v. Adams*,
  532 U.S. 105 (2001).........................................................................................1, 5

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985)...............................................................................................5

*DiCarlo v. MoneyLion, Inc.*,
  988 F.3d 1148 (9th Cir. 2021) ...............................................................................5

*DirectTV v. Imburgia*,
  136 S.Ct. 463 (2015)...............................................................................................6

*EEOC v. Luce, Forward, Hamilton & Scripps*,
  345 F. 3d 742 (9th Cir. 2003) ................................................................................9

*EEOC v. Waffle House*,
  534 U.S. 279 (2002)...............................................................................................7

*Epic Systems Corp. v. Lewis*,
  138 S. Ct. 1612 (2018)...................................................................................2, 5, 12

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995)...............................................................................................6

*Gilmer v. Interstate/ Johnson Lane Corp.*,
  500 U.S. 20 (1991).................................................................................................5

*Kindred Nursing Centers Limited Partnership v. Clark*,
  137 S. Ct. 1421 (2017).........................................................................................6

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
  514 U.S. 52 (1995).................................................................................................8

*Mohamed v. Uber Technologies, Inc.*,
  848 F.3d 1201 (9th Cir. 2016) ...............................................................................8

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
  460 U.S. 1 (1983)..................................................................................5
*Perry v. Thomas*,
  482 U.S. 483 (1987)............................................................................5, 6
*Preston v. Ferrer*,
  552 U.S. 346 (2008)..............................................................................6
*Rent-A-Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010)................................................................................9

## State Cases

*Armendariz v. Found Health Psychcare Servs., Inc.*,
  24 Cal. 4th 83 (2000) .................................................................9, 10, 11
*Asmus v. Pacific Bell*,
  23 Cal.4th 1 (2000)................................................................................7
*Cronus Investments, v. Concierge Services*,
  35 Cal. 4th 376 (2005) .........................................................................4, 5
*Engalla v. Permanente Medical Group, Inc.*,
  *15 Cal. 4th 951 (1997)*.........................................................................1
*Fittante v. Palm Springs Motors, Inc.*,
  105 Cal. App. 4th 708 (2003) ................................................................9
*Garrido v. Air Liquide Indus.*,
  241 Cal. App. 4th 833 (2015) ................................................................8
*Hayes Children Leasing Co. v. NCR Corp.*,
  *37 Cal. App. 4th 775 (1995)* ................................................................1
*Lagatree v. Luce, Forward, Hamilton & Scripps*,
  74 Cal. App. 4th 1105 (1999) ................................................................9
*Marin Storage and Trucking, Inc. v. Benco Contracting & Engineering, Inc.*,
  89 Cal. App. 4th 1042 (2001) ................................................................9
*Pearson Dental v. Sup'r Court*,
  48 Cal. 4th 665 (2010) ...........................................................................6
*Pinnacle Museum Tower Ass'n v. Pinnacle Market Development*, LLC,
  55 Cal. 4th 223 (2012) ........................................................................6, 9
*Robison v. City of Manteca*,
  78 Cal. App. 4th 452 (2000) ...............................................................9, 10
*Rodriguez v. American*,
  *Tech.*, 136 Cal. App. 4th 1110 (2006) ....................................................4
*Russell v. Union Oil Co.*,
  7 Cal. App. 3d 110 (1970) ......................................................................7

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

*Stewart v. Preston Pipeline Inc.*,
   134 Cal. App. 4th 1565 (2005) .................................................................... 7
*Villa Milano Homeowners Assn. v. Davorge*,
   84 Cal. App. 4th 819 (2000) ...................................................................... 9

## <u>Federal Statutes</u>

9 U.S.C. § 1 ................................................................................................. 4
9 U.S.C. § 2 ................................................................................................. 4
9 U.S.C. §§ 3 and 4 ..................................................................................... 2
United States Constitution, art. VI, cl. 2 ................................................... 6

## <u>State Statutes</u>

Cal. Civ. Code § 1550 ................................................................................. 6
Cal. Labor Code § 229 ................................................................................ 8

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

On December 27, 2023, Plaintiff Ignacio Garate ("Plaintiff") signed an arbitration agreement ("Arbitration Agreement") expressly agreeing to resolve any disputes that he may have with Defendant to binding arbitration. On March 7, 2024, Plaintiff filed a Class Action Complaint ("Complaint") against Defendant alleging the following causes of action: (1) failure to pay all minimum wages; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) failure to pay all sick time; (6) wage statement violations; (7) waiting time penalties; and (8) unfair competition.

The Arbitration Agreement signed by Plaintiff is enforceable under both federal and state law. It is well established that under both California and federal law, there is a strong public policy in favor of arbitration. *See Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 971-72 (1997)*; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 131-32 (2001). Any doubt as to the scope of an agreement to arbitrate is to be resolved in favor of arbitration. *See Hayes Children Leasing Co. v. NCR Corp., 37 Cal. App. 4th 775, 788 (1995).*

Since Plaintiff has expressly and knowingly agreed to arbitrate his claims against Defendant and waived his right to initiate or participate in a class action against Defendant, Plaintiff's class claims must be dismissed before this matter is submitted to arbitration. Accordingly, Defendant respectfully requests that the Court issue an order compelling Plaintiff's individual claims to arbitration, dismissing his class claims, and staying proceedings pending arbitration.

## II.   RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   Plaintiff's Employment with Defendant and His Arbitration Agreement

Defendant hired Plaintiff as a Service Representative on or about December 15, 2023. (Adams Decl. ¶ 4). In connection with his on-boarding, Plaintiff signed an

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

arbitration agreement, in which both Plaintiff and Defendant mutually agreed to arbitrate any potential disputes related to Plaintiff's employment. (*See id*., **Ex. 1**.) The Arbitration Agreement states, in relevant part, as follows:

> "The Parties recognize that difference may arise between them in connection with the employment relationship, and the services and consideration to be provided thereby, and wish to adopt a dispute resolution procedure that will avoid the delay, expense and burden of litigation in the civil court system and, by this Agreement, mutually waive their right to pursue "Covered Claims" (as defined in the Covered Claimed Subject to Arbitration section in this Agreement) in civil court. By entering into this Agreement, both Parties intend to gain the advantage of a speedy, economical and impartial dispute resolution procedure.

The Parties hereby agree as follows:

1. <u>**Binding Arbitration.**</u>

In the event that the Parties are unable to resolve any dispute arising out of, relating to or in connection with the employment relationship, after meeting and attempting in good faith to reach a negotiated resolution, such dispute(s) shall be resolved through binding arbitration conducted in accordance with the Agreement. Each Party hereto hereby consents to the exclusive personal and subject matter jurisdiction of the arbitration proceedings in this Agreement.

…

3. <u>**Covered Claims Subject to Arbitration**</u>.

The term "Covered Claims" includes all claims or disputes arising out of, relating to or in connection with the employment relationship, and any services and consideration provided thereby, that Lincare may have against the Employee, or that the Employee may have against Lincare or against its officers, directors, trustees, employees, agents, subcontractors and assigns… Covered Claims include, but are not limited to, any claim or dispute of any nature relating to the employment relationship, including claims of employment discrimination or harassment or retaliation for raising discrimination or harassment claims; *failure to pay wages, bonuses or any other form of compensation; failure to provide rest or meal periods; failure to pay or to pay on time; wage statement violations*; tortious acts; wrongful, retaliatory and/or constructive discharge; breach of an express or implied contract, promissory estoppel; unjust enrichment; or

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

violations of any other common laws, federal, state or local statute, ordinance, regulation or public policy…"
(Adams Decl. ¶ 5, Ex. 1 (emphasis added.)

The Arbitration Agreement also expressly provides that "[a]ll Covered Claims under this Agreement ***shall be submitted and arbitrated on an individual basis only***. The Parties expressly waive any right to submit, initiate or participate in any class, collective, consolidated, representative or joint action involving any employee, consultant, contractor, vendor or other third party of Lincare, whether as a plaintiff, claimant or member of an alleged class or group, regardless of whether the action is filed as a lawsuit, arbitration or any other type of proceeding. The Parties also mutually waive their right to bring, maintain, participate in or receive money from any class, collective or representative proceeding." (*Id.* (emphasis added).)   In addition, the Arbitration Agreement states that it also covers disputes regarding all procedural, substantive and gateway issues concerning the Arbitration Agreement, including disputes regarding the "interpretation or enforceability of this Agreement or any part thereof, or the arbitrability of any dispute." (*Id.*)

**B.     Despite Agreeing to Arbitrate Claims Arising From His Employment, Plaintiff Has Brought This Action Instead Of Arbitration.**

Notwithstanding Plaintiff's express agreement to submit any and all employment disputes between himself and Defendant to arbitration, Plaintiff has made no attempt to arbitrate his claims and instead filed this lawsuit against Defendant in San Diego County Superior Court on March 27, 2024. (Shon Decl. ¶ 2.) Through his Complaint, Plaintiff asserted, on behalf of himself and all other similarly situated non-exempt employees, claims for: (1) failure to pay all minimum wages; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) failure to pay all sick time; (6) wage statement violations; (7) waiting time penalties; and (8) unfair competition even though Plaintiff has expressly

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

waived his right to bring a class action and agreed to arbitrate his individual claims. (*Id*.)

## III.   THE FEDERAL ARBITRATION ACT ("FAA") REQUIRES ENFORCEMENT OF THE INSTANT ARBITRATION AGREEMENT

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

### A.   The FAA Governs the Arbitration Agreement

Here, Plaintiff specifically agreed in the Arbitration Agreement that "[t]his Agreement shall be governed and construed in accordance with the Federal Arbitration Act ('FAA'), 9 U.S.C. § 1, et seq.  This Agreement may be enforced and administered by a court of competent jurisdiction through the filing of a petition to compel arbitration or to confirm, vacate or modify an arbitration award, or as otherwise permitted pursuant to the FAA." (Adams Decl. ¶ 5, Ex. 1 (para. 5).) This provision alone is sufficient to apply the FAA. *See Buckeye Check Cashing, v. Cardegna*, 546 U.S. 440, 442-443 (2006) (where arbitration agreement expressly provided that FAA was to govern, the FAA preempted application of state law); *Cronus Investments, v. Concierge Services*, 35 Cal. 4th 376, 394 (2005) (recognizing parties to an arbitration agreement may expressly designate that the FAA's procedural provisions apply); *Rodriguez v. American Tech.*, 136 Cal. App. 4th 1110, 1122 (2006) (reversing lower court's order denying defendant's motion to compel arbitration because the parties expressly agreed that any arbitration proceeding would move forward under the FAA's procedural provisions and therefore the trial court lacked discretion under state arbitration law to deny the motion).

### B.   The FAA Favors Arbitration

The FAA declares a liberal policy favoring the enforcement of arbitration policies, stating:

> "A written provision in... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

such contract or transaction... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("*Concepcion*").)

The FAA was enacted to reverse the "longstanding judicial hostility to arbitration agreements... and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/ Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *see also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995); *Circuit City Stores v. Adams*, 532 U.S. 105, 122-123 (2001); *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 861 (9th Cir. 2021). To this end, the FAA amounts to a "congressional declaration of a liberal federal policy favoring arbitration agreements." *Perry v. Thomas*, 482 U.S. 483, 489 (1987), quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983),

Indeed, the FAA mandates that courts compel arbitration of claims that parties have agreed to arbitrate. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "[T]he Act leaves no place for the exercise of discretion by a district court." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "Any doubts or ambiguities as to the scope of the arbitration clause itself should be resolved in favor of arbitration." *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal. 4th 376, 386; *see also DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1152 (9th Cir. 2021).

Moreover, the United States Supreme Court has warned against judicial rulings designed to erode FAA precedence "by indirection." *See Circuit City Stores*, *supra*, 532 U.S. at 122.  In *Epic Systems*, the United States Supreme Court took a strong stance in favor of the FAA and arbitration agreements, holding that rules prohibiting enforcement of arbitration agreements are improper "devices" that manifest unlawful "judicial antagonism" towards arbitration. *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018) ("*Epic Systems*").

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

### C.     The FAA Preempts Any Contrary State Law

Because the FAA governs the Arbitration Agreement, the Supremacy Clause of the United States Constitution, art. VI, cl. 2, requires that Plaintiff's claims be arbitrated, regardless of any contrary state law, and the FAA preempts all conflicting state laws. *See DirectTV v. Imburgia*, 136 S.Ct. 463, 468 (2015)*; see also Preston v. Ferrer*, 552 U.S. 346, 353 (2008)*.*

States, whether through their legislatures or courts, cannot create special exceptions to the enforcement of arbitration agreements governed by the FAA. *See Kindred Nursing Centers Limited Partnership v. Clark*, 137 S. Ct. 1421, 1426 (2017) ("*Kindred Nursing*") ("The FAA thus preempts any state rule discriminating on its face against arbitration—for example, a law prohibit[ing] outright the arbitration of a particular type of claim."); *Preston*, *supra*, 552 U.S. at 353; *Perry*, *supra*, 482 U.S. at 492, fn. 9.  Indeed, the California Supreme Court now rigorously applies the principles favoring arbitration. *See Pinnacle Museum Tower Ass'n v. Pinnacle Market Development*, LLC, 55 Cal. 4th 223, 235 (2012); *Pearson Dental v. Sup'r Court,* 48 Cal. 4th 665, 681 (2010) ("Even assuming an arbitration clause...would violate California law, state law would be preempted when applied to an arbitration agreement covered by the [FAA].").

### IV.     THIS COURT SHOULD COMPEL PLAINTIFF'S INDIVIDUAL WAGE AND HOUR CLAIMS TO ARBITRATION

### A.     Plaintiff is Bound by the Arbitration Agreement

Whether the parties have agreed to arbitrate a dispute is governed by ordinary contract principles.  *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  In California, a valid contract exists when (1) the parties are capable of contracting, (2) there was mutual consent, (3) the contract had a lawful object, and (4) the contract was supported by sufficient cause or consideration. Cal. Civ. Code § 1550. "The determination of whether [consent] is present is made by the use of an objective

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

test, the manifestations or expressions of assent being controlling." *Russell v. Union Oil Co.*, 7 Cal. App. 3d 110, 114 (1970).  In other words, "[m]utual assent is gathered from the reasonable meaning of the words and acts of the parties, and not from their unexpressed intentions or understanding." *Id.*

Here, there is no dispute that the parties are capable of contracting, mutually agreed to arbitration, and that the essential terms were communicated to the Plaintiff in writing.  (Adams Decl. ¶ 5; *see also id.*, Ex. 1.) Indeed, Plaintiff accepted and agreed to the terms of the Arbitration Agreement by signing the agreement at the time his employment began. *Id.*  As such, Plaintiff cannot dispute that he agreed to and accepted the terms of the agreement to arbitrate disputes related to his employment with Lincare.

Furthermore, the Arbitration Agreement has lawful purposes—the expedient resolution of disputes. *See AT&T Mobility LLC v. Concepcion* 563 U.S. 333 (2011); *Stewart v. Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1586 (2005). Indeed, the parties have a cause or reason for obligating themselves to the advantages of arbitration and did so by agreement.

Finally, the contract was supported by sufficient consideration—in exchange for Plaintiff's agreement to be bound by the Arbitration Agreement, Defendant also agreed to be mutually bound.  Further, Plaintiff was offered employment with Defendant *See Asmus v. Pacific Bell*, 23 Cal.4th 1, 15 (2000) (by accepting work after being on notice of an arbitration policy, plaintiff became contractually bound to the terms of the arbitration agreement).  Thus, all of the necessary elements have been satisfied.

**B.    The Arbitration Agreement Should Be Enforced Because it is An Agreement to Arbitrate That Covers All of Plaintiff's Wage and Hour Claims**

In determining whether Plaintiff's claims are covered by the Arbitration Agreement, the threshold inquiry is an analysis of the contractual language itself. "Absent some ambiguity in the agreement... it is the language of the contract that defines the scope of disputes subject to arbitration." *EEOC v. Waffle House*, 534 U.S. 279, 289

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

(2002). Even if the parties agree to submit a wide range of claims to arbitration, such an agreement must be enforced. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 57-58 (1995).

Again, the Arbitration Agreement broadly covers "all disputes that might arise out of or be related in any way to [Plaintiff's] employment by the Company." (Adams Decl. Ex. 1.) Plaintiff's wage-and-hour claims plainly arise out of or relate to his employment with Defendant. *See, e.g. Mohamed v. Uber Technologies, Inc.* 848 F.3d 1201, 1207-1208, 1212-1214 (9th Cir. 2016) (arbitration agreement covering employment disputes applies to PAGA claims). Under the FAA, arbitration clauses requiring that employees arbitrate wage claims are fully enforceable. *See Garrido v. Air Liquide Indus.*, 241 Cal. App. 4th 833, 844–45 (2015) ("The FAA preempts Labor Code section 229, requiring enforcement of an arbitration agreement covering [an unpaid wages] claim.")

Further, Plaintiff "expressly waive[d] any right to submit, initiate or participate in any class, collective, consolidated, representative or joint action involving any employee, consultant, contractor, vendor or other third party of Lincare, whether as a plaintiff, claimant or member of an alleged class or group, regardless of whether the action is filed as a lawsuit, arbitration or any other type of proceeding." *Id.* at para. 6. "In addition, the Parties mutually waive[d] their right to bring, maintain, participate in or receive money from any class, collective or representative proceeding." *Id*.

Because the Complaint asserts a variety of wage and hour claims arising out of Plaintiff's employment with Defendant, including allegations of failure to provide meal and rest breaks, failure to pay minimum and overtime wages, waiting time penalties, wage statement violations, unpaid sick leave, and engaging in unfair practices, it is subject to the Arbitration Agreement and any claims asserted therein must be compelled to **individual** arbitration. (Adams Decl. ¶ 5, Ex. 1.)

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

### C.     The Arbitration Agreement is Not Unconscionable

As a preliminary matter, any disputes regarding gateway issues, including disputes concerning the enforceability of the Arbitration Agreement or any provision therein, its interpretation, arbitrability of claims, or issues concerning substantive or procedural unconscionability are expressly delegated to the arbitrator.  (*See* Adams Decl. ¶ 5, Ex. 1 at para. 3; *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010).) Defendant anticipates Plaintiff will assert that the Arbitration Agreement is unconscionable because it is an adhesion contract. An adhesion contract is not per se unconscionable and can be enforceable. *See Villa Milano Homeowners Assn. v. Davorge*, 84 Cal. App. 4th 819, 828 (2000), *overruled in part on other grounds*, *Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223 (2012); *Marin Storage and Trucking, Inc. v. Benco Contracting & Engineering, Inc.*, 89 Cal. App. 4th 1042, 1052 (2001).

Unconscionability has procedural and substantive elements, both of which must be present to render a contract unenforceable under California law.  *See Armendariz v. Found Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000); *Robison v. City of Manteca*, 78 Cal. App. 4th 452, 458-59 (2000). An arbitration agreement is not unconscionable simply because its execution is a mandatory condition of employment. *See Fittante v. Palm Springs Motors, Inc.,* 105 Cal. App. 4th 708, 720 (2003) (holding that where "the arbitration agreement complies with the requirements of *Armendariz*, it may properly be enforced, even though it was required as a condition of employment"); *see also EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F. 3d 742, 749 (9th Cir. 2003) (permitting the mandatory arbitration of employment discrimination claims); *see also Lagatree v. Luce, Forward, Hamilton & Scripps*, 74 Cal. App. 4th 1105, 1121-27 (1999) (holding that employers may require employees to agree to binding arbitration of disputes as a condition of employment). The procedural element pertains to issues of oppression and surprise, such as relative bargaining power and whether the parties knew

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

of the agreement and understood its terms. *See Armendariz*, 24 Cal. 4th at 114. The substantive element "traditionally involves contract terms that are so one-sided as to 'shock the conscience' or that impose harsh or oppressive terms." *Robinson*, 78 Cal. App. 4th at 459.  Here, the Arbitration Agreement is both procedurally and substantively conscionable.

### 1.    The Arbitration Agreement Is Procedurally Conscionable.

To show procedural unconscionability, the party who seeks to avoid his or her agreement must demonstrate **both** unequal bargaining power and the lack of disclosure of material contract provisions. *Id.*  Some courts consider this latter element to be an unfair surprise requirement. *Id.*  Here, it is abundantly clear that there was no "unfair surprise."  The Arbitration Agreement was presented to and signed by Plaintiff as a stand-alone document, with normal font and clear language. Further, above the Plaintiff's signature line, the following sentence was written in bold, capital letters: "**THE EMPLOYEE ACKNOWLEDGES THAT: (1) I HAVE CAREFULLY READ THIS MUTUAL AGREEMENT TO ARBITRATE; (2) I HAVE BEEN GIVEN THE OPPORTUNITY TO REVIEW THIS AGREEMENT WITH MY LEGAL COUNSEL; AND (3) I HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO**". The entirety of the Arbitration Agreement was aimed at clearly documenting a mutual agreement to arbitrate and a reading of any portion of the document would provide a reader an understanding of the purpose of the Arbitration Agreement. In light of the foregoing, there is no reasonable argument that the Arbitration Agreement was procedurally unconscionable as he was given the opportunity to review the agreement with legal counsel beforehand. Plaintiff's choice to enter into the agreement was completely voluntary and Plaintiff cannot demonstrate that any procedure pertaining to the agreement was unconscionable.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

## 2.    The Arbitration Agreement Is Substantively Conscionable.

Under *Armendariz*, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exists at law or in equity for the revocation of any contract." *Armendariz*, 24 Cal. 4th at 98.   Thus, per *Armendariz*, a mandatory employment arbitration agreement must: (1) provide for neutral arbitrators; (2) provide for more than minimal discovery; (3) provide for a written award; (4) provide for all of the types of relief that would be otherwise be available in court; (5) not require employees to bear unreasonable expenses, arbitration forum costs, or expenses they would not be required to bear if they brought their action in court; and (6) provide a "modicum of bilaterality" between employee and employer. *Id*. at 102-13, 117.

The Arbitration Agreement signed by Plaintiff, by virtue of its incorporation of the AAA rules, complies with the requirements of *Armendariz* and is enforceable. (Adams Decl. ¶ 5, Ex. 1.)   First, the Arbitration Agreement requires the use of a neutral arbitrator. The Arbitration Agreement specifically notes: "[t]he Parties shall choose arbitrator within thirty (30) days of receipt of the written notice of intent to arbitrate or as soon thereafter as practicable.  If the Parties are unable to agree on the selection of an arbitrator within the thirty-day (30) period, the Party that initiated arbitration shall, within fifteen (15) days, request that the AAA office located in Los Angeles County, California provide the Parties with a list of seven (7) retired judges from the AAA employment list of arbitrators.  The Parties shall alternately strike names, with the Party initiating the arbitration striking first.  The remaining judge shall serve as the arbitrator." (*See* Adams Decl. ¶ 5, Ex. 1.) Second, the Arbitration Agreement provides for adequate discovery. (*See* Shon Decl. ¶ 3, Ex. 3 at 19, 26 [AAA Rules 9 and 30].)  Third, the Arbitration Agreement provides for a written award. (*See id.*, Ex. 3 at 29 [AAA Rules 39(c) and (g)].)  Fourth, Plaintiff will not be required to pay for arbitration   (*See* Adams Decl. ¶ 5, Ex. 1). Fifth, the Arbitration Agreement provides for all types of relief otherwise available to Plaintiff in this litigation. The

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

Arbitration Agreement specifically provides "[t]he arbitrator shall have the authority to award only such remedies as could be awarded by a court under the applicable substantive law which may include injunctive or other equitable relief." (*See* Adams Decl., Ex. 1.)

Finally, "modicum of bilaterality" exists as the Arbitration Agreement binds both Plaintiff's claims and Defendant's claims which arise out of their employment relationship, to arbitration.

## V.   PLAINTIFF'S CLASS ACTION CLAIMS MUST BE DISMISSED

In *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), the U.S. Supreme Court held that employment arbitration agreements requiring employees to waive their right to pursue class or collective action claims are enforceable and do not violate the National Labor Relations Act.

The Arbitration Agreement signed by Plaintiff specifically states as follows:

"6.   **Class Action Waiver**.

All Covered Claims under this Agreement shall be submitted and arbitrated on an individual basis only. **The Parties expressly waive any right to submit, initiate or participate in any class,** collective, consolidated, representative or joint **action involving any employee, consultant, contractor, vendor or other third party of Lincare**, whether as a plaintiff, claimant or member of an alleged class or group, regardless of whether the action is filed as a lawsuit, arbitration or any other type of proceeding. In addition, the Parties mutually waive their right to bring, maintain, participate in or receive money from any class, collective or representative proceeding.

In the event that a dispute arises with respect to the interpretation or enforceability of this Class Action Waiver section (a "Class Action Waiver Dispute"), such dispute shall be resolved by a court of competent jurisdiction located in the State of California, and not by arbitration…"

(*See* Adams Decl. ¶ 5, Ex. 1(emphasis added.)

Since Plaintiff has expressly and knowingly waived his right to participate or

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

initiate class action, and receive money from any class proceeding, Plaintiff's class claims should be dismissed before this matter is submitted to arbitration.

## VI.    <u>CONCLUSION</u>

Plaintiff signed a valid and enforceable Arbitration Agreement with his employer. Accordingly, Plaintiff must arbitrate his individual claims with Defendant and his class action claims should be dismissed. In addition, the Court should stay proceedings pending arbitration.

Dated: May 24, 2024                    Respectfully submitted,

FORD & HARRISON LLP


By: */s/ Jason Shon*
  David L. Cheng
  Jason Shon

Attorneys for Defendant
LINCARE, INC.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

CASE NO. 3:24-CV-00768-CAB-MSB
DEFENDANT'S MOTION TO COMPEL
ARBITRATION, DISMISS CLASS CLAIMS,
AND STAY PROCEEDINGS

## **PROOF OF SERVICE**

I, Donna Sanchez, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **May 24, 2024**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY PROCEEDINGS**

| | |
|---|---|
| Mehrdad Bokhour, Esq.<br>BOKHOUR LAW GROUP, PC<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Tel.:  (310) 975-1493<br>Fax:  (310) 675-0861<br>Email: mehrdad@bokhourlaw.com | Attorneys for Plaintiff,<br>IGNACIO GARATE and<br>the Putative Classes |
| Joshua S. Falakassa, Esq.<br>FALAKASSA LAW, P.C.<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, CA 90067<br>Tel.:  (818) 456-6168<br>Fax:  (888) 505-0868<br>Email: josh@falakassalaw.com | |

☒ **ELECTRONICALLY:**  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I electronically served the documents on the date shown below to the e-mail addresses of the person listed below.  I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ **FEDERAL:**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and State of California that the above is true and correct.

Executed on **May 24, 2024**, at Los Angeles, California.

_Donna Sanchez_
_____
Donna Sanchez

WSACTIVELLP:113259932.4

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

PROOF OF SERVICE