UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO GARATE, on behalf of himself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>LINCARE, INC.,<br><br>          Defendant. | Case No.:  24-cv-768-CAB-MSB<br><br>**ORDER REQUESTING A SUPPLEMENTATION OF THE RECORD REGARDING DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY PROCEEDINGS** |

On May 24, 2024, Defendant Lincare, Inc. filed a motion to compel arbitration, dismiss claims, and stay proceedings.  [Doc. No. 6.]  On June 14, 2024, Plaintiff Ignacio Garate filed an opposition. [Doc. No. 8.]  On June 21, 2024, Defendant filed a reply.  [Doc. No. 9.]  Having reviewed the submissions, the Court **HEREBY ORDERS** the parties to supplement the record <u>only as to whether Plaintiff is exempt from the Federal Arbitration Act as a transportation worker</u>.

Defendant moves to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, on the grounds that Plaintiff entered into a valid and enforceable arbitration agreement ("Arbitration Agreement") requiring arbitration of his individual claims and a waiver of his right to initiate or participate in class-wide claims.

Plaintiff challenges the enforceability of the Arbitration Agreement arguing, *inter alia*, that he is exempt from the FAA as a transportation worker.

Under § 1, the FAA does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The Supreme Court has instructed courts to interpret the exemption narrowly, holding that § 1 applies only to "contracts of employment of transportation workers." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118–19 (2001). The question of whether § 1 applies is a question for the courts to decide, even if there is a delegation clause. *New Prime v. Oliveira*, 139 S. Ct. 532, 537–38 (2019).

To determine whether Plaintiff is a transportation worker, the Court must first define the relevant "class of workers" to which Plaintiff belongs before determining "whether that class of workers is 'engaged in foreign or interstate commerce.' " *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 455 (2022).  A "transportation worker" is not required to work for a company in the transportation industry to be exempt under §1 of the FAA.  *Bissonnette v. LePage Bakeries Park St., LLC*, 144 S.Ct. 905, 910 (2024). However, any exempt worker must at least play a "direct" and "necessary" role in the free flow of goods across borders.  *Id.* at 913 (citations omitted).

Focusing on Ninth Circuit precedent, Amazon delivery drivers who picked up interstate goods from warehouses and transported them intrastate for the "last leg of shipment" were exempt under the FAA.  *Rittman v. Amazon.com, Inc.*, 971 F.3d 904, 915 (9th Cir. 2020).  Similarly, delivery drivers who delivered goods from a supply center in California to franchisees within California were exempt because the employees operated in a single, unbroken stream of interstate commerce.  *Carmona v. Domino's Pizza, LLC*, 73 F.4th 1135, 1138 (9th Cir. 2023). The Ninth Circuit has inferred that the key question may be whether deliveries are unaltered from the time they arrive in California until

24-cv-768-CAB-MSB

delivered locally, or whether they have been transformed in some manner before being delivered locally. *See Domino's Pizza, LLC,* 73 F.4th at 1138.[1]

Here the Court finds a lack of factual evidence as to whether Plaintiff was engaged in delivering unaltered interstate goods or whether Plaintiff was delivering goods that were transformed in some manner before being delivered locally.  While Defendant has presented some evidence that Plaintiff delivered oxygen tanks that had been serviced locally, it is unclear whether Plaintiff also delivered "new" tanks and from where those tanks originated.  In addition, Plaintiff's job description indicates he delivered other medical equipment, but there is no evidence as to what that equipment was, from where it originated, or whether it was altered in any manner.

Accordingly, the Court requests the parties to supplement the record and provide further briefing *only* on this issue as follows:

1. On or before **August 1, 2024,** the parties may supplement the factual record and provide a further brief (not to exceed 10 pages) regarding whether Plaintiff is exempt under Section 1 of the FAA;

2. On or before **August 9, 2024**, the parties may file a reply brief (not to exceed 5 pages).

The motion will then be under submission and the parties will be notified if oral argument is required.

Dated:  July 16, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] In their further briefing, the parties are invited to present argument on this issue but are encouraged to focus on Ninth Circuit and U.S. Supreme Court authority.